*Court of Common Pleas, Dauphin County, January 16th, 1854.*

THE COMMISSIONERS OF DAUPHIN COUNTY *v.* BANKS.

Taxes upon public officers must be assessed at their places of residence, not where they perform the duties of their offices. A tax laid upon money at interest, the profits of a trade or occupation, or personal property, is payable at the owner's domicile, not where the money is at interest, the trade or occupation is carried on, or the personal property is. Domicile is a question of fact dependent on all the circumstances of the case. The question of domicile may be often determined by the place where the person exercises the right of suffrage.

BY THE COURT.—Ephraim Banks was auditor-general of the State of Pennsylvania, and resided in Lewistown, Mifflin county, Penna. The controversy in this case, although in form between the above-stated parties, is in substance between the counties of Dauphin and Mifflin, and the boroughs of Harrisburg and Lewistown, as to the other taxes imposed upon this office, except that coming to the State, which must be paid in any event. The case stated raises two questions. Must the tax on an office be imposed at the place where it is required by law to be exercised, or at the place where the officer resides? And, secondly, where is the residence of the defendant? It is very certain that the official duties of the auditor-general can be performed at no other place than at the seat of government. There he must keep his office; but in our opinion that alone will not designate the place of taxation. By our whole system of jurisprudence real estate is to be taxed at the place of its location; personal property, including all offices and posts of profit, professions, trades and occupations, together with money at interest, at the residence of the owner or person to be taxed. The 2d section of the act of 1834 requires the county commissioners to issue their precepts to the assessors of the re-

[The Commissioners of Dauphin County *v.* Banks.]

spective townships, wards, and districts, requiring them to make and return a list of the names of all the taxable persons residing within their wards, townships, and districts respectively, and of all property taxable by law, together with a just valuation of the same. The 6th section of the act of May 15th, 1841, contains a provision almost identical, which is made the basis of the triennial assessment; for upon that list being returned, the commissioners are required to issue their precepts to the assessors and their assistants in the respective wards, townships, and districts, requiring them to assess all real property situated therein, certain personal property designated, and all offices and posts of profit, professions, trades, occupations, etc.

Thus far it appears very clearly that the assessments of all personal property, trades, and occupations must be made at the place of residence of the party proposed to be taxed. The 32d section of the act of April 29th, 1844, which points out the object of taxation for State purposes, makes no change in this particular that we can perceive. It does not declare where or how the assessment shall be made, but merely designates the object of taxation; and such is also the substance of all the laws on the subject. We cannot believe that the laws contemplate the assessment of an individual in one township for his occupation, because it is there carried on; for his office in another, because it is there exercised; for his money at interest in a third, because it is there payable; and for his personal property in a fourth, because it is there situated; but on ascertaining his residence, that is the place of taxation. There might possibly be cases where the *situs* of personal property would fix the place of taxation; as where the owner resides at a distance or out of the State; but the exercise of an office, profession, trade, or occupation is so purely and entirely personal in its character, that a tax cannot be imposed on account of either, except where the party to be taxed resides. There might possibly be cases where a man performs the duties of an office at Harrisburg, pursues the occupation of an iron-master in Perry county, has large sums of money at interest in Northumberland, and resides in Cumberland county. In such a case the law does not contemplate an assessment for taxes on each object in the several counties respectively, but that he shall be taxed for all at the place of residence. To the State treasurer it is a matter of indifference where the taxes are imposed, and if the counties lose in one instance, they are presumed to gain in another. We may further add, that in nearly every State in the Union it has been decided that a personal tax must be assessed in the place of residence, where the party to be taxed is domiciled at the time of the assessment. Residence, domicile, and place of abode, when applied to taxation, right of suffrage, and some other cases, have been always held to be synonymous terms. It is well settled that for such purposes, and for the

[*Distribution of Money from Sale of the Real Estate of McGee and Martin.*]

succession of personal property, a man can have but one residence or domicile at the same time.   Before taking upon himself the duties of the office proposed to be taxed, Mr. Banks resided at Lewistown, in his own house; he never removed his family, which continues to reside in the same place; he himself boarded at a hotel in this town, and visited them occasionally.   He has never exercised nor offered to exercise the right of suffrage here.   Domicile or residence is a question of fact depending on no single circumstance, but upon all taken in connection.   We cannot doubt in the present case, from the circumstances declared in the case stated, that the continuance of the defendant here is temporary; that he always possessed the *animus revertendi;* did not intend to forsake his house or family, and consequently Lewistown continued to be his place of residence.   It is very true that, in many cases, the domicile of the husband will draw to it that of the wife, when he notoriously removed from his former residence, and settled elsewhere. But when a man leaves his wife, family, and home, without any intention of separating from them, but evidences his design to return by all his acts, their continued residence would still be presumed to be his domicile.   Had Mr. Banks exercised the right of suffrage here, it would have been a strong circumstance to show that this was his place of residence; in fact, he would probably have been estopped from denying it, as the Constitution requires a residence of ten days in the district immediately pending election at which he offers to vote, and a person has no right, under any circumstance, to vote in any district except where he is resident at the time, and has resided for ten days next preceding. But it is conceded that the defendant made no attempt or offer to exercise this privilege.   From all the facts conceded, we are of opinion that Mr. Banks did not change his domicile, but the same continued, and still continues unaltered.   That the State and county tax on account of this office are properly assessed at his place of residence in Lewistown.   Therefore, we give judgment in favor of the defendant in the case stated. . . . .